IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RICHARD C. PALMORE, # 115603                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 2:09-cv-90-KS-MTP

CHIEF BOLTON, SERGEANT DONNELL BRANDON
AND SERGEANT RON TAYLOR                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

       This cause comes before this Court *sua sponte* for consideration of dismissal. The Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On May 15, 2009, two orders were entered in this action. One order [12] directed the Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court, within thirty days. The other order [13] directed the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff failed to comply with both of the orders. The Plaintiff was warned in these Court orders that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint.

       On July 29, 2009, an order [14] was entered directing Plaintiff to show cause, on or before August 12, 2009, why this case should not be dismissed for his failure to timely comply with the Court's May 15, 2009 orders. In addition, Plaintiff was directed to comply with the May

15, 2009 orders, on or before August 12, 2009. The show cause order warned Plaintiff that failure to timely comply with the requirements of the orders would lead to the dismissal of his complaint. Plaintiff did not comply with the Court's order.

Further, this Court's order of July 29, 2009, warned Plaintiff that his failure to advise this Court of a change of address would result in this cause being dismissed without further written notice to Plaintiff. On August 11, 2009, the envelope containing this Court's July 29, 2009, order was returned by the postal service with the notation "return to sender". Plaintiff has not contacted this Court since April, 28, 2009, has failed to keep the Court informed of his current address.

Plaintiff has failed to comply with three Court orders. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendants have not been called on to respond to Plaintiff's

pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered. All pending motions are hereby terminated.

SO ORDERED, this the 9th day of September, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE